FILED IN MY OFFICE
DISTRICT COURT CLERK
6/12/2014 5:08:17 PM
GREGORY T. IRELAND
Patricia Serna

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

QUENTIN SCOTT,

    Plaintiff,

vs.      No. D-202-CV-2014-04032

THE CITY OF ALBUQUERQUE,
RAY SCHULTZ, former Chief of Police,
SERGEANT DONNY KEITH, Albuquerque Police Officer
and D. HENSLEY, Albuquerque Police Officer

    Defendants.

## PLAINTIFF'S COMPLAINT FOR RECOVERY OF DAMAGES DUE TO DEPRIVATION OF CIVIL RIGHTS, RIGHTS UNDER THE AMERICANS WITH DISABILITIES ACT, TORTS, AND VIOLATION OF THE NEW MEXICO CONSTITUTION

Plaintiff Quentin Scott by and through counsel, Kennedy Kennedy & Ives, LLC, brings this complaint, pursuant to 42 U.S.C. Section 1983 and alleging violations of the Fourth and Fourteenth Amendments to the United States Constitution and violations of the Americans with Disabilities Act. In support of Plaintiff's Claim, Plaintiff states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff resides in Bernalillo County, New Mexico

2. Plaintiff was a 13 year old male on January 16, 2009.

3. Plaintiff was diagnosed with Bipolar Disorder and ADHD on January 16, 2009.

4. Plaintiff was suffering from severe depression in January 2009.

5. On January 12, 2009, Defendant Hensley learned that Plaintiff had run away from home.

6. Defendant Hensley located Plaintiff at a skate park and discovered that Plaintiff had spent the night there.

7. Defendant Hensley returned Plaintiff home.

1



8. On January 16, 2009, Plaintiff attended Grant Middle School, a public school in the County of Bernalillo, City of Albuquerque.

9. At all times relevant herein, Plaintiff resided in New Mexico.

10. Grant Middle School is located in Albuquerque, New Mexico, and is part of the Albuquerque Public School District in the County of Bernalillo, City of Albuquerque.

11. Defendant School Resource Officer H. Hensley was an Albuquerque Police Officer assigned as a School Resource Officer to Grant Middle School, and he was acting under the color of state law and in his individual capacity at all material times.

12. Defendant Ray Schultz was the Chief of Police at all times material and was responsible for the training and supervision of Albuquerque Police Officers.

13. Defendant Donny Keith was an Albuquerque Police Officer at all times material and was responsible for the training and supervision of Albuquerque Police Officers who were School Resource Officers.

14. Defendant City of Albuquerque is a municipality within New Mexico.

15. This Court has subject matter jurisdiction over the claim and jurisdiction over the parties.

16. Personal jurisdiction is proper since all parties either reside or conduct business within the City of Albuquerque.

17. Additionally, the actions of the Defendants giving rise to Plaintiff's claims took place within the City of Albuquerque.

18. Venue is proper because Plaintiff resides in the City of Albuquerque and because all of the material acts and/or omissions complained of herein occurred in the City of Albuquerque, New Mexico. Defendants are located in the City of Albuquerque.

## FACTUAL ALLEGATIONS

19. Plaintiff was a student attending Grant Middle School in Albuquerque, New Mexico on January 16, 2009.

20. On January 16, 2008, Plaintiff was walking in the school hallway when Lupe Greigo, the front desk secretary, asked Plaintiff what he was doing.

21. Plaintiff stated "I'm with the custodians."

22. Defendant Hensley overheard this exchange and proceeded to ask Plaintiff's teacher Nancy Wiggins about Plaintiff.

23. Ms. Wiggins told Defendant Hensley that Plaintiff was supposed to be in health class and was probably ditching.

24. Defendant Hensley and Ms. Wiggins then went to find Plaintiff.

25. Defendant Hensley handcuffed Plaintiff and transported him to the Juvenile Detention Center.

26. The Constitution of New Mexico requires the state to provide every person with due process and equal protection of the laws. Art. II, §18. This requirement is independent of, and may provide more protection than, the limitations placed on the powers of states in the Fourteenth Amendment to the United States Constitution. Breen v. Carlsbad Municipal Schools, 2005-NMSC-028, ¶ 14, 138 N.M. 331.

27. The Constitution of New Mexico provides that "all persons are born...with certain natural, inherent and inalienable rights, among which are the rights of enjoying and defending life and liberty... and of seeking and obtaining safety and happiness." Art. II, § 4. This guarantee is independent of the United States Constitution. The United States Constitution contains no specific guarantee of the right to seek safety and happiness analogous to Article II, § 4 of the New Mexico Constitution.

3

28. The New Mexico Constitution gives each child the property right to a free public education. N.M. Const. art. XII, § 1 and N.M.S.A. 1978 § 22-1-4.

## COUNT I - FOURTH AMENDMENT VIOLATIONS: UNREASONABLE SEIZURE, EXCESSIVE FORCE, ARREST & CHARGING

29. Plaintiff hereby incorporates paragraphs 1-28 as if fully restated herein.

30. Defendant Hensley had no lawful authority to detain, handcuff and arrest Plaintiff.

31. It was objectively unreasonable for Defendant Hensley to search, detain, arrest and charge Plaintiff with a crime simply for ditching class.

32. It was objectively unreasonable for Defendant Hensley to place Plaintiff in restraints, and the restraints constituted excessive force.

33. Defendant Hensley's use of force under the circumstances was objectively unreasonable as no force was necessary. Plaintiff was not disruptive or dangerous, neither the administration or the school resource office were face with split second a decision, and Plaintiff did not resist or attempt to evade the officer.

34. It was objectively unreasonable for Defendant Hensley to transport Plaintiff to the Juvenile Detention Center ["JDC"]. Removing Plaintiff from school served no governmental interest.

35. Defendant Hensley lacked probable cause to arrest and charge Plaintiff with a delinquent act.

36. As a result Defendant Hensley's wrongful acts, Plaintiff suffered damages.

37. There is a direct cause between Defendant Hensley's unconstitutional actions and Plaintiff's injuries. Defendant's actions were willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's constitutional rights.

## COUNT II- FOURTEENTH AMENDMENT CLAIM: SUBSTANTIVE AND

## PROCEDURAL DUE PROCESS

38. Plaintiff hereby incorporates paragraphs 1-37 as if fully restated herein.

39. Plaintiff has a Fourteenth Amendment right to bodily integrity and to be free of arbitrary liberty deprivations that lack any governmental interest.

40. Defendant Hensley's restraint and detention of Plaintiff deprived him of his liberty interest and served no governmental purpose.

41. The New Mexico Children's Mental Health and Developmental Disabilities Act and the New Mexico Children's Code create a liberty interest in Plaintiff, a mentally disabled child, to be free of unnecessary restraints and unnecessary transportation to the JDC.

42. The transportation of Plaintiff to a transportation center that did not accept him and would not accept him deprived Plaintiff of his liberty interest and served no government interest.

43. The New Mexico Constitution gives each child the property right to a free public education. N.M. Const, art. XII, § 1 and N.M.S.A. 1978 § 22-1-4.

44. Defendant Hensley denied deprived Plaintiff of his property interest without procedural due process.

45. There is a direct cause between Defendant Hensley's unconstitutional actions and Plaintiff's injuries. Defendants' actions were willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's constitutional rights.

## COUNT III: VIOLATION OF ADA IN CRIMINALIZING PLAINTIFF'S DISABILITY

46. Plaintiff hereby incorporates paragraphs 1-45 as if fully restated herein.

47. The City of Albuquerque is a public entity as defined by the Americans with Disabilities Act, 42 U.S.C. § 12131(1)(B) (1990).

48. The Albuquerque Police Department does not have sovereign immunity for claims arising under the Americans with Disabilities Act. 42 U.S.C. § 12202 (1990).

5

49.     Plaintiff was a qualified individual with a disability as defined by the Americans with Disabilities Act, 42 U.S.C. § 12131(2) (1990).

50.     Plaintiff's disability impairs a major life activity.

51.     On the basis of his disability, Bipolar Disorder, Depression, and ADHD, Plaintiff was denied the benefits of services, programs, and activities of the Albuquerque Police Department, including but not limited to the benefits of being treated with dignity by the government entity sworn to protect its community's citizens and for not being arrested for leaving class.

52.     On the basis of his disability, the Albuquerque Police Department discriminated against Plaintiff by arresting him and charging him with a delinquent act for the manifestations of his disability; at all material times, Plaintiff was participating in lawful conduct.

53.     Defendant City of Albuquerque violated mandatory New Mexico State Statutes, Administrative Codes, and Title II of the Americans with Disabilities Act through the conduct of their employee Defendant Hensley.

54.     Although Plaintiff contends that Defendant Hensley's proposition that a student who ditches class is committing a delinquent act is unreasonable on its face, Defendant Hensley also arrested Plaintiff for manifestations of his disability.

55.     Defendant Hensley knew or should have known that Plaintiff avoiding class was a manifestation of his disability.

56.     Defendant Hensley therefore arrested Plaintiff as a result of his disability.

57.     Title II of the Americans with Disabilities Act forbids individuals, such as Defendant City of Albuquerque, from discriminating against qualified individuals, such as Plaintiff, on the basis of their disability through their employees.

58.     Defendant City of Albuquerque discriminated against Plaintiff when Defendant Hensley arrested and charged Plaintiff for the manifestations of his disability and medical condition.

6

59. As a result of Defendant City of Albuquerque's conduct, Plaintiff suffered damages.

## COUNT IV: LACK OF ACCOMMODATION FOR CHILDREN WITH DISABILITIES

60. Plaintiff hereby incorporates paragraphs 1-57 as if fully restated herein.

61. The effect of handcuffing, arrest and charging of crimes on children with disabilities is even greater than the already serious effect on children who do not suffer from disabilities.

62. The handcuffing, arrest and charging of children with disabilities inflicts greater damage on children with disabilities due to their lack of full emotional and cognitive development and cognitive and emotional coping skills.

63. Defendant City of Albuquerque has failed and refused to develop adequate training and policies to accommodate children with disabilities, to minimize any contact with law enforcement, and to minimize the effect of any charges filed against children with disabilities.

64. Albuquerque's failure to properly accommodate disabled children is a violation of the American with Disabilities Act.

65. It is illegal to arrest, detain and charge children for the manifestations of their behavioral disability.

66. The actions of the City of Albuquerque proximately caused damages to Plaintiff in loss of liberty, embarrassment, humiliation and mental and emotional distress.

## COUNT V
## BATTERY, AND FALSE IMPRISONMENT

67. Plaintiff adopts and incorporates by reference herein the preceding paragraphs as if set forth in full.

68. At all times material hereto, Defendants Schultz and Keith were acting as law enforcement officers and public employees causing, failing to prevent, failing to train or

discipline or ratifying the unlawful and unconstitutional actions of Defendant Hensley toward Plaintiff.

69. Defendants City of Albuquerque, Hensley, Schultz and Keith violated Plaintiff's rights guaranteed under Article 2 § 10 of the New Mexico Constitution and caused the battery and false imprisonment of Plaintiff by creating and allowing policies and practices that foreseeably caused unreasonable force against public children by placing restraining children, detaining them and by transporting them to the juvenile detention center only to be released to their parents or guardians hours after the initial handcuffing.

70. Defendants violated Plaintiff's right to be free be free from unreasonable seizure pursuant to Article II, Section 10 of the New Mexico Constitution. The handcuffing and transportation of Plaintiff constituted battery of and false imprisonment of Plaintiff.

71. The immunity granted by the Tort Claims Act does not apply to the negligence of Defendants City of Albuquerque, Schultz, and Keith who fail to adequately train, supervise, detain or ratify the behavior of school resource officers and that conduct results in a tort being committed.

72. As a direct result of the actions taken by each Defendant, Plaintiff suffered injuries.

## COUNT VI
### VIOLATIONS OF RIGHTS SECURED BY ARTICLE II, SECTION EIGHTEEN OF THE NEW MEXICO CONSTITUTION - SUBSTANTIVE DUE PROCESS- EQUAL PROTECTION & PROPERTY RIGHT IN PUBIC SCHOOL EDUCATION

73. Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if re-alleged fully herein.

74. Article II, §18 of the New Mexico Constitution provides: No person shall be deprived of life, liberty or property without due process of law; nor shall any person be denied equal

protection of the laws. Equality of rights under the law shall not be denied on account of the sex or the disability of any person.

75. All of the actions taken by Defendants City of Albuquerque, Schultz, Keith, and Hensley and referred to in this Complaint have deprived and continue to deprive Plaintiff of rights secured by the New Mexico Constitution, specifically the right to substantive due process as guaranteed by Article II, Section 18 and the Right to a Free Public Education as stated in N.M. Const. art. XII, § 1 and N.M.S.A. 1978 § 22-1-4.

76. The Due Process Clause of the New Mexico Constitution provides broader protections than its federal counterpart. There is an adequate and independent ground for deciding this matter under the New Mexico Constitution. Plaintiff seeks relief from this Court under the New Mexico Constitution.

77. The conduct of Defendants City of Albuquerque, Schultz, Keith, and Hensley, as alleged herein, render them liable for compensatory damages to Plaintiff resulting from the above described torts and violations of the New Mexico State Constitution.

78. The conduct of Defendants City of Albuquerque, Schultz, Keith, and Hensley, as alleged herein, was a direct and proximate cause of injuries and damages to Plaintiff, as alleged herein.

79. Plaintiff is entitled to recover from Defendants City of Albuquerque, Schultz, Keith, and Hensley compensatory damages, the costs of this action herein, as well as pre and post-judgment interest, and such other and further relief as the court may deem just and proper under the circumstances.

## COUNT VII
## NEGLIGENT TRAINING AND SUPERVISION

80. Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if re-alleged fully herein.

81. Defendant Ray Schultz and Defendant Donny Keith were responsible for training Defendant Hensley to protect and serve the public.

82. In doing so, Defendants had a duty to Plaintiff.

83. Defendants breached their duty to Plaintiffs when they failed to properly train its officers to properly interact with children, especially disabled children.

84. Defendants breached their duty to Plaintiff by not training SROs to comply with the Children's Code.

85. Defendants previously described actions constituted battery, assaults and false imprisonment as well as negligence leading to commission of those torts.

86. As a proximate cause to Defendants' breach of duty, Plaintiff suffered damages.

## COUNT VIII – *MONELL* AND SUPERVISORY CLAIM UNDER 42 U.S.C. § 1983 RESULTING IN THE DEPRIVATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT CIVIL RIGHTS

87. Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if re-alleged fully herein.

88. Defendant City of Albuquerque maintained a de-facto policy and practice of allowing officers, particularly school resource officers, violate school children's rights by failing to train and supervise school resource officers.

89. Defendant City of Albuquerque was aware of the wrongful acts of school resource officers, including Defendant Hensley, wrongful activities regarding their work as school resource officers. School resource officers repeatedly used excessive force against students and arrested and charged children with conduct that no reasonable officer would conclude was a crime.

10

90. The failure to train, supervise, discipline Hensley showed deliberate indifference to the rights of the citizens of Albuquerque and was a moving force behind the deprivation of the Fourth and Fourteenth Amendment rights of Plaintiff.

91. The City of Albuquerque and Ray Shultz are liable for their deliberate indifference to Plaintiff's rights as stated previously.

92. Defendant City of Albuquerque's and Schultz' deliberate indifference to Hensley's practice proximately caused the constitutional deprivations resulting in damages, including pain and suffering, and emotional distress.

## PRAYER FOR RELIEF

93. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered injuries resulting in medical expenses, expenses for psychological care and counseling, likely to continue to result in expenses for necessary psychological care and counseling into the foreseeable future; pain and suffering, temporary and probable permanent psychological impairment, loss of reputation, loss of educational opportunities, and other damages.

94. The intentional nature of the acts of Defendant Hensley was reckless and in utter disregard of the rights and safety of Plaintiff, constitute grounds for punitive damages to be awarded against him in an amount sufficient to punish him for his actions and to dissuade him and others from similar actions in the future.

95. Plaintiff seeks attorneys' fees and costs pursuant to Section 1988 of the Civil Rights Act and pursuant to the American with Disabilities Act.

**WHEREFORE** Plaintiff requests this Court enter Judgment against Defendants in an amount sufficient to compensate Plaintiff for his damages, for punitive damages against Defendant Hensley as determined by a jury, for the attorneys' fees and costs of this action, for

prejudgment interest and post judgment interest as provided by law, and for such other and further relief as the Court deems just and proper.

                                                  Respectfully Submitted By:

                                                  Kennedy, Kennedy, & Ives, LLC

                                                  */s/ Theresa V. Hacsi*
                                                  Joseph P. Kennedy
                                                  Laura Ives
                                                  Theresa V. Hacsi
                                                  Attorneys for Plaintiff
                                                  1000 Second Street NW
                                                  Albuquerque, New Mexico 87102
                                                  Phone: 505-244-1400   Fax: 505-244-1406